16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 CAPITOL BANKERS LIFE INSURANCE COMPANY, a Minnesota
corporation, Plaintiff-Appellee,
v.
Phillip GROSS, Defendant-Appellant.
 No. 93-2790.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 11, 1994.
Decided Feb. 9, 1994.
 
 Before CUMMINGS, BAUER and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 Defendant Phillip Gross, a citizen of Illinois, appeals from summary judgment for the plaintiff, Capitol Bankers Life Insurance Company ("Capitol"), a Minnesota corporation with its principal place of business in Wisconsin. The district court had diversity jurisdiction pursuant to 28 U.S.C. Sec. 1332. We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 2
 Phillip Gross was a general partner of the 730 N. LaSalle Street Limited Partnership ("Partnership"). Gross' Partnership was the beneficiary of Trust No. 5302 ("Trust"), for which Amalgamated Trust & Savings ("Amalgamated") was the trustee. In 1989, Capitol's assignor, North American Life Insurance Company, loaned $1,550,000 to Amalgamated as the Trust's trustee, secured by a mortgage on commercial property known as 730-38 North LaSalle Street, Chicago, Illinois (the "Property"). At the time the Trust executed its mortgage agreement with Capitol's assignor, Phillip Gross and Michael Gross, not a party to this suit, executed a Beneficiary's Certificate, in which they made the following warranties to Capitol's assignor:
 
 
 3
 NOW, THEREFORE, the undersigned upon oath, being first duly sworn, in order to induce Lender to make the Loan, does hereby covenant, warrant, and represent to the Lender, as the case may be, as follows:
 
 
 4
 1. As of the date of each of the Lender's disbursements of the proceeds of the Loan, and at all times thereafter, until the funds loaned have been paid in full, the Trust will be the owner of the entire fee simple in the Project free and clear of all liens, encumbrances, claims and charges except taxes not yet due and payable....
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 29. Notwithstanding any limitation of liability under any of the Loan Documents executed and delivered to Lender in connection with the Loan, the Beneficiary shall have personal liability to Lender for all cost and damages incurred by Lender arising from any or all of the following:
 
 
 8
 (a) fraud or misrepresentation in connection with the Loan;
 
 
 9
 (b) the commission of waste at the Project; or
 
 
 10
 (c) misapplication of any insurance or condemnation proceeds or rental receipts or security deposits, after notice of the occurrence of an event of default.
 
 
 11
 (Emphasis supplied.)
 
 
 12
 According to Capitol's uncontested Local Rule 12(m) Statement, neither Gross nor the Partnership paid the real estate taxes on the Property for the first installment of 1990, nor for any installment in 1991. After the Trust defaulted on its loan, Capitol filed suit to foreclose its mortgage and security interest in certain personal property (Counts I and II). Capitol amended its complaint to add a third claim against defendant Phillip Gross, pursuant to the provisions above, seeking to recover for the unpaid real estate taxes against the Property (Count III). The parties agreed to judgment on Counts I and II, and the district court granted Capitol summary judgment on Count III. We review the district court's summary judgment order on Count III de novo. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 13
 On appeal, Gross argues that the mortgage agreement was non-recourse, and that the phrase "except taxes not yet due and payable" in paragraph 1 of the Beneficiary's Certificate meant the Grosses were not responsible for any tax liens accruing after the date of the Certificate. In other words, the phrase "taxes not yet due and payable" meant all taxes subsequently accruing on the property. Gross also argues that the district court erred in using the common law definition of waste in interpreting the parties' intent pursuant to paragraph 29 of the Beneficiary's Certificate. We disagree with Gross's interpretation of the contract. We have reviewed the district court's well-reasoned Memorandum Opinions granting summary judgment to Capitol and denying the defendants' motion to reconsider, which are attached hereto as Appendices A and B, and for the reasons cited therein, we AFFIRM the district court's summary judgment order in favor of Capitol.
 
 
 14
 AFFIRMED.